Andrew S. Brignone
Nevada Bar No. 751
Xanna R. Hardman
Nevada Bar No. 9579
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
Off:   (702) 382-2101
Fax:   (702) 382-8135
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS HEALTH AND WELFARE TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS JOINT PENSION TRUST; TRUSTEES OF THE CONSTRUCTION INDUSTRY AND LABORERS VACATION TRUST; AND THE TRUSTEES OF THE SOUTHERN NEVADA LABORERS LOCAL 872 TRAINING TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>W.I.T. SERVICES, INC., a Nevada corporation,<br><br>Defendant. | Case No. 2:10-cv-00463-ECR-LRL<br><br>JUDGMENT BY CONFESSION |

Pursuant to the express Stipulation for Entry of Judgment by Confession ("Stipulation") between the parties hereto, the terms of which are incorporated herein by reference, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. Plaintiffs, the Trustees of the Construction Industry and Laborers Health and Welfare Trust, Trustees of the Construction Industry and Laborers Joint Pension Trust, Trustees of the Construction Industry and Laborers Vacation Trust, and Trustees of the Southern Nevada Laborers Local 872 Training Trust (collectively "Trust Funds"), shall take Judgment by

Confession ("Judgment") against the Defendant, W.I.T. Services, Inc. (collectively "WIT") in the sum of Four Thousand One Hundred Sixty and 52/100 Dollars ($4,160.52) ("Judgment Amount"), which includes known unpaid contributions for the months of August 2007 through February 2009.

2. WIT shall pay the Trust Funds the Judgment Amount as set forth in Paragraph 3, below. The Judgment Amount shall bear interest from the dates shown in the audit at the rate of fourteen percent (14%) per annum until paid in full. The Trust Funds have not waived and expressly reserve their right to collect any additional sums owed by WIT that may have accrued through or may accrue after February 2009 if discovered by future audit or as a result of unremitted, unpaid or untimely reports. The Judgment Amount shall be paid to the Trust Funds as third party beneficiaries of WIT's collective bargaining agreement ("Labor Agreement") with the Laborers International Union of North America, Local No. 872 ("Union"), in which WIT agreed to abide by the trust agreements establishing the respective Trust Funds and any amendments thereto ("Trust Agreements").

3. The Judgment Amount and other obligations set forth herein shall be paid to the Trust Funds as follows:

   A. A maximum of two (2) consecutive monthly payments shall be made commencing on April 30, 2010, the first in the minimum sum of Three Thousand Five Hundred and 00/100 Dollars ($3,500.00).

   B. Any remaining balance, together with such additional accrued principal, interest, liquidated damages, fees and costs as may be owed to the Trust Funds by WIT as of the final payment date shall be due and payable on or before May 30, 2010. The Trust Funds estimate that the final payment due shall be in the amount of Three Thousand Four Hundred Twenty-Three and 80/100 Dollars ($3,423.80), but reserve the right to collect any additional amounts owed as set forth in this Judgment.

4. Upon the Trust Funds' timely receipt and negotiation of all payments and obligations required by this Judgment (i) this Judgment will have been satisfied and upon receipt of a request therefore, the Trust Funds shall deliver to WIT a written Release and Satisfaction of

Claims, and (ii) liquidated damages in the sum of Eight Hundred Twenty-Nine and 57/100 Dollars ($829.57) shall be waived ("Liquidated Damages Waiver"). Upon Defendant's failure to remit all payments and obligations required by this Judgment in a timely manner, the Liquidated Damages Waiver shall be deemed revoked, WIT shall be obligated to pay all such Liquidated Damages to the Trust Funds, and the Judgment Amount shall be immediately increased by the amount of the Liquidated Damages Waiver.

5. Should the Trust Funds determine that their statutory collection remedies related to their claims under this Judgment may be lost or materially compromised without pursuing formal claims, including lien claims pursuant to NRS 108, general (original) contractor claims pursuant to NRS 608.150, bond claims, etc., the Trust Funds may take reasonable steps and employ customary legal procedures to preserve and pursue any such remedies and claims.

6. WIT shall have the right at any time to prepay the entire balance owed, or any portion thereof, without incurring any prepayment penalty.

7. Filing of and execution on the Stipulation and this Judgment shall be stayed through May 30, 2010, provided that payments shall have been made by WIT in accordance with the terms of this Judgment.

8. All payments required by this Judgment, the Labor Agreement or related claims shall be credited first to ancillary costs and charges, including interest, liquidated damages (except with respect to the Liquidated Damages Waiver as set forth above), audit costs, attorney's fees and court costs, and lastly to principal contributions, without regard to the Trust Funds' discretion to fund employee benefits in whole or in part with such payments. The payments shall be made payable to the "Laborers Joint Trust Funds" and shall be remitted to the Trust Funds' c/o Andrew S. Brignone, Brownstein Hyatt Farber Schreck, LLP, 100 City Parkway, Suite 1600, Las Vegas, Nevada 89106, or at such other location as WIT is notified in writing.

9. WIT shall forthwith execute and submit the following documents to the Trust Funds' attorney:

    A. the Stipulation;

    B. this Judgment;

   C.   a Stipulation and Order to Stay Proceedings;

   D.   all information and documents showing the name(s) of all of WIT's general contractors, projects and project dates for the months of August 2007 through February 2009.

10. Should WIT fail to satisfy any of the conditions in this Judgment, written notice of default ("Notice") shall immediately be delivered to WIT at 2615 Buckmaster, Las Vegas, Nevada 89117. If WIT thereafter fails to make the required payment(s) or otherwise fails to comply with the conditions of this Judgment within five (5) business days of the date of such Notice, the Trust Funds shall have the unconditional and immediate right to file the Stipulation and this Judgment with the U.S. District Court, and may execute upon the same for whatever amount then remains due and owing, without further notice to WIT or Order from the Court. In the event of default and failure to cure, the Judgment Amount shall be immediately increased by the Liquidated Damages Waiver, court costs, attorney's fees and any additional claims accrued and owed by WIT to the Trust Funds pursuant to this Judgment and the new Judgment Amount shall continue to accrue interest at a rate of fourteen percent (14%) until paid in full. In the event the Trust Funds should discover additional claims pursuant to an audit or WIT should fail to timely submit reports and payments of contributions to the Trust Funds as provided in the Labor Agreement and Paragraph 11 hereafter, the amount of such claims may be added to this Judgment. The amount of such additional obligations may be established by affidavit of the Trust Funds' administrator or other representative.

11. During such periods as WIT may be signatory to a Labor Agreement with the Union and during the payout term of this Judgment, WIT shall remain current and submit timely monthly reports and payments of contributions to the Trust Funds. WIT shall remit accurate reports and contribution payments to the Trust Funds for the period beginning with the month of April 2010 (due on or before May 20, 2010), through the effective period of the Labor Agreement.

12. The Trust Funds' Release and Satisfaction of Claims in favor of WIT shall not be executed nor delivered until all obligations under this Judgment have been fully performed.

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

20032\253\1391789.1

4

13. Nothing in this Judgment shall, or shall be deemed to, in any manner limit, waive or release the obligations under the Labor Agreement of WIT and any trades or businesses under common control with WIT, if any.

14. No waiver of any breach by WIT of this Judgment nor acceptance of a late payment or waiver of a timely payment by the Trust Funds shall constitute a waiver of any other breach or timely payment or the right of the Trust Funds to accelerate the entire amount due or the right of the Trust Funds to record, enter and execute upon the Stipulation and this Judgment.

15. The following potential claims are expressly reserved by the Trust Funds: (i) any Trust Fund claims unrelated to the Judgment Amount, accruing before or after the effective date of this Judgment, including, without limitation, claims by the Trust Funds for additional contributions and related damages that may be (or become) due and owing to the Trust Funds pursuant to the provisions of any collective bargaining agreement to which WIT may be bound that requires the payment of contributions to the Trust Funds, other than the Labor Agreement between WIT and the Union; (ii) the obligation of WIT or any trade or business under common control of WIT (to the extent WIT or any trade or business under common control with WIT has any obligation) to pay, and the rights of the pension funds to assess and collect, withdrawal liability pursuant to 29 U.S.C. §1381 et seq. (including use of WIT's contribution history for purposes of calculating any withdrawal liability); (iii) any additional claims discovered by compliance Audit for any past, present or future Audit period; (iv) any claims for untimely paid contributions arising after April 2010; and (v) any general contractor claims pursuant to NRS 608.150, lien claims pursuant to NRS 108, pay and performance bond claims, licensing bond claims and any other ERISA or state law claim enforceable by the Trust Funds.

16. In the event of the filing of any bankruptcy petition by WIT, any payments made by WIT pursuant to the terms of this Judgment shall be deemed to have been made for new value as provided under 11 U.S.C. § 547(c)(1) and in the ordinary course of WIT's business as provided under 11 U.S.C. § 547(c)(2), so that such payments shall not be claimed by WIT as preference under 11 U.S.C. § 547 or otherwise.

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

17. WIT has consulted an attorney of its choice and fully understand the obligations and consequences of this Judgment.

Dated and Done this 8th day of November, 2010.

*Edward C. Reed.*
U.S. DISTRICT COURT JUDGE

Approved as to Form and Content:

WIT

By: _____   Dated: April 22, 2010.
Greg Carroll, its President

[DEFENDANTS' COUNSEL]

By: _____   Dated: April ____, 2010.
_____, Esq.
Attorneys for WIT

Approved and Submitted by:

Brownstein Hyatt Farber Schreck, LLP

By: _____   Dated: ~~April~~ November 2, 2010.
Xanna R. Hardman, Esq.
Attorneys for the Trust Funds

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

20052\25R\1391789.1

6

OATH AND VERIFICATION

STATE OF NEVADA )
: ss.
COUNTY OF CLARK )

Greg Carroll, being first duly sworn upon oath, now verifies and declares that:

1. Entry of this Judgment by Confession, according to its provisions, is duly authorized; and

2. The money due and owing and the basis for said Judgment by Confession are accurately set forth in the Stipulation for Entry of Judgment by Confession and this Judgment by Confession.

Further you affiant sayeth naught.

_____
Greg Carroll

Subscribed and Sworn before me this 12nd day of April, 2010.

_____
Notary Public

NOTARY PUBLIC
STATE OF NEVADA
County of Clark
BARBARA N. LEE
No. 95-1809-1
My Appointment Expires Feb. 17, 2012

BROWNSTEIN HYATT FARBER SCHRECK
100 City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

200521255.0391789.1

7